**Herbert Lee RICHARDSON,
Petitioner–Appellant,**

v.

**Morris THIGPEN, Commissioner, Alabama Department of Corrections,
Respondent–Appellee.**

No. 89–7604.

United States Court of Appeals,
Eleventh Circuit.

Aug. 17, 1989.

---

896

Bryan Stephenson, Alabama Resource Center, Montgomery, Ala., for petitioner-appellant.

Ed Carnes, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before KRAVITCH, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

Herbert Lee Richardson is scheduled to be executed in Alabama at 12:01 A.M. on Friday, August 18, 1989. On the morning of Thursday, August 17, 1989, the United States District Court for the Middle District of Alabama denied Richardson's petition for writ of habeas corpus. This case comes before this Court on motions for leave to proceed in forma pauperis, for stay of execution, and for certificate of probable cause to appeal. We grant Richardson's motion for leave to proceed in forma pauperis, and deny his application for certificate of probable cause and his motion for stay of execution.

## I. Background

This is Richardson's second petition for habeas corpus brought in federal court under 28 U.S.C.A. § 2254. This Court affirmed the denial of Richardson's first federal habeas petition in March 1989. *Richardson v. Johnson,* 864 F.2d 1536 (11th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 3175, 104 L.Ed.2d 1037 (1989). After the Supreme Court denied his petition for writ of certiorari on June 12, 1989, the State of Alabama scheduled Richardson's execution for August 18, 1989. On August 8, 1989, Richardson filed a motion for stay of execution in the Alabama Supreme Court, and on August 10, 1989, he filed a motion for post-conviction relief under Ala.Temp.R. Crim.P. 20 in the Circuit Court of Houston, County, Alabama. The circuit court denied his motion for post-conviction relief on Sunday, August 13, 1989. The Alabama Supreme Court denied Richardson's petition for a stay of execution on Tuesday, August 15, 1989. On that day, Richardson filed his petition for habeas corpus in federal district court.

## II. Discussion

■ This Court should grant an application for certificate of probable cause to appeal only if the petitioner makes a substantial showing that he has been denied a federal right. *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). To make this substantial showing, a petitioner must demonstrate that the issues are "debatable among jurists of reason," that a court could resolve the issues differently, or that the issues are "adequate to deserve encouragement to proceed further." *Id.* at 893 n. 4, 103 S.Ct. at 3394 n. 4 (quoting *Gordon v. Willis,* 516 F.Supp. 911, 913 (N.D.Ga.1980)).

Richardson raised four issues in his petition for habeas corpus filed in the Middle District of Alabama: (1) ineffective assistance of appellate counsel; (2) trial court excluded non-statutory mitigating evidence at sentencing, see *Hitchcock v. Dugger,* 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987); (3) prosecution failed to disclose material exculpatory evidence to him at trial, see *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (4) he was unable to obtain critical expert assistance at trial due to his indigence, see *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). These claims are either procedurally barred as a matter of state law, see *Wainwright v. Sykes,* 433

U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), or constitute an abuse of the writ under Rule 9(b) foll. 28 U.S.C.A. § 2254. *See Kuhlmann v. Wilson,* 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986). Consequently, we conclude that Richardson has failed to make a substantial showing that he was denied a federal right.

### A. State Procedural Default

On August 10, 1989, Richardson filed a motion for post-conviction relief under Ala. Temp.R.Crim.P. 20 in the Circuit Court of Houston County, Alabama. In this motion, Richardson alleged ineffective assistance of appellate counsel, a *Hitchcock* claim, a *Brady* claim, and an *Ake* claim. These are the same four claims that Richardson raised in his second federal habeas petition. The circuit judge held a hearing on the motion on Saturday, August 12, 1989, and denied Richardson's motion for post-conviction relief in a written decision the next day. The state judge issued alternative rulings on each of petitioner's claims. The judge ruled first that each claim was procedurally barred under Alabama law. *See* Ala.Temp.R.Crim.P. 20.2(b). The judge then addressed and denied each claim on the merits.

 In *Harris v. Reed,* —— U.S. ——, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), the Supreme Court held that the "plain statement" rule of *Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), applies in federal habeas corpus proceedings. Under that rule, if a state court issues a clear statement that its decision rests on an independent and adequate state ground, then even if the state court issues an alternative ruling based on its interpretation of federal law, this Court should not address the merits of the federal claim. *See Harris,* 109 S.Ct. at 1042. In this case, if the Alabama circuit judge issued a plain statement that his decision on one of Richardson's claims was based on an independent and adequate state procedural ground, then that claim does not provide an avenue for relief on a petition for habeas corpus, *see Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), unless petitioner can show both cause and prejudice for his state procedural default. *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).

### 1. Ineffective Assistance of Appellate Counsel

 The state judge addressed the state procedural bar of petitioner's ineffective assistance of appellate counsel claim as follows: "This Court finds that this claim is procedurally barred in that it was not raised by the petitioner at the second error coram nobis hearing which was held in October, 1985." This certainly constitutes a plain statement within the meaning of *Michigan v. Long.* Richardson argues that the state misapplied its own procedural default rules; this does not constitute cause within the meaning of *Strickland. See generally Alvord v. Wainwright,* 725 F.2d 1282, 1291 (11th Cir.) (federal court on habeas review must defer to state court's interpretation and application of state law), *cert. denied,* 469 U.S. 956, 105 S.Ct. 355, 83 L.Ed.2d 291 (1984). Consequently, this claim is procedurally barred under *Wainwright* and *Harris.*

### 2. Brady claim

 The state court held that Richardson's *Brady* claim was procedurally barred under state law. The court stated, "This Court further finds that Richardson's *Brady* claim is barred by Alabama Rules of Criminal Procedure, Rule 20.2(b)." This statement is sufficiently plain. Richardson makes no cause and prejudice argument under *Strickland.* Consequently, this claim is procedurally barred under *Wainwright* and *Harris.*

### 3. Ake Claim

 The state court held that Richardson's *Ake* claim was procedurally barred under state law. The court stated, "This Court finds that this claim is procedurally barred by Alabama Temp. Rules of Criminal Procedure 20.2(b) because petitioner did not raise it in his prior Error Coram Nobis proceedings and it certainly could have

been discovered through the exercise of reasonable diligence." This statement is sufficiently plain. Richardson does not present any cause and prejudice arguments under *Strickland.* Consequently, this claim is procedurally barred under *Wainwright* and *Harris.*

### B. Abuse of the Writ

■ Richardson argues that this Court's review of his *Hitchcock* claim is not barred by state procedural default because it was novel in 1985 when he filed his second error coram nobis petition. Novelty does constitute cause for state procedural default under *Strickland, see Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), and *Hitchcock* did represent a significant change in the law. *Messer v. Florida,* 834 F.2d 890, 892–93 (11th Cir.1987). Even if Richardson were able to meet *Strickland*'s cause and prejudice standard, however, he is not able to avoid application of the abuse of the writ doctrine. *See* Rule 9(b) foll. 28 U.S.C.A. § 2254.

This is Richardson's second federal habeas petition. Rule 9(b) provides:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Richardson failed to file this claim in his prior federal habeas petition. *See Richardson v. Johnson,* 864 F.2d 1536, 1537 (11th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 3175, 104 L.Ed.2d 1037 (1989). Consequently, this Court should not address this claim if Richardson's failure to raise it in his original petition constitutes an abuse of the writ. *See Demps v. Dugger,* 874 F.2d 1385, 1392 (11th Cir.1989).

■ Although *Hitchcock* was decided after petitioner filed his first habeas petition, it was available to him when he amended his petition in December 1987 and January 1988. Richardson has offered no excuse for his failure to present the *Hitchcock*

claim in his amended first federal habeas petition. Consequently, we conclude that Richardson has abused the writ by failing to present this claim in his prior petition. *See, e.g., Tucker v. Kemp,* 819 F.2d 978 (11th Cir.), *cert. denied,* 481 U.S. 1073, 107 S.Ct. 2472, 96 L.Ed.2d 364 (1987). *See generally Demps v. Dugger,* 874 F.2d at 1391.

■ When a petitioner has abused the writ, a federal court should dismiss the petition unless the "ends of justice" require otherwise. *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *Mitchell v. Kemp,* 827 F.2d 1433, 1435 (11th Cir.), *cert. denied,* 483 U.S. 1050, 108 S.Ct. 14, 97 L.Ed.2d 812 (1987). Petitioner has the burden of establishing that the ends of justice require the court to entertain the successive petition. *See McCorquodale v. Kemp,* 832 F.2d 543, 544 (11th Cir.), *cert. denied,* 483 U.S. 1055, 108 S.Ct. 32, 97 L.Ed.2d 819 (1987).

■ Richardson argues that because *Hitchcock* error directly involves the sentence of death, the ends of justice *necessarily* require a federal court to address the merits of the claim. The meaning of "ends of justice" does not lend itself to a *per se* rule such as Richardson proposes. Accordingly, we conclude that Richardson has failed to establish that the ends of justice require that the federal courts entertain his *Hitchcock* claim.

### III. Conclusion

We conclude that Richardson has failed to make a substantial showing that he has been denied a federal right. Consequently, we DENY his motion for certificate of probable cause to appeal. We also DENY his motion for stay of execution.