**Kayser McMILLIAN, Petitioner,**

v.

**Charlie JONES, Respondent.**

**Civ. A. No. 91–0237–BH–S.**

United States District Court,
S.D. Alabama, S.D.

March 23, 1992.

Kayser McMillian, pro se.

Jack W. Willis, Montgomery, AL, for respondent.

RECOMMENDATION OF MAGISTRATE JUDGE

STEELE, United States Magistrate Judge.

Kayser McMillian, a state prisoner currently in the custody of the Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is challenging the validity of his October 25, 1984 conviction for robbery, first degree in the Circuit Court of Mobile County, for which Petitioner received a sentence of life without parole under Alabama's Habitual Felony Offender Act. Petitioner's conviction and sentence were affirmed without opinion by the Alabama Court of Criminal Appeals on February 12, 1985. On May 19, 1985, Petitioner filed a petition for the writ of error coram nobis in

the Circuit Court of Mobile County. That petition was denied on August 19, 1985, and the denial was affirmed without opinion by the Alabama Court of Criminal Appeals on December 10, 1985. The Magistrate Judge has made a careful review of the record and finds that it contains sufficient facts upon which the issues under consideration may be properly resolved. Therefore, no evidentiary hearing is required upon the issues. *Townsend v. Sain,* 372 U.S. 293, 88 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Hance v. Zant,* 696 F.2d 940 (11th Cir.), *cert. denied,* 463 U.S. 1210, 103 S.Ct. 3544, 77 L.Ed.2d 1393 (1983).

On March 27, 1987, Petitioner filed his first petition for writ of habeas corpus in this court. The petition was denied on November 23, 1989. The present petition was filed on April 1, 1991. This petition contains one claim for relief. This claim was also raised in Petitioner's first habeas petition. The Respondent has moved to dismiss this petition under Rule 9(b) of the Rules Governing Habeas Corpus Cases Under Section 2254.

## DISCUSSION

In the petition presently before the Court, Petitioner raises one claim which he contends entitles him to relief: the prosecutor used her preemptory challenges in a racially discriminatory manner to strike black persons from the jury venire. Petitioner contends that he was unconstitutionally convicted by an all white jury.

In his first habeas corpus petition, Petitioner raised the following claims: (1) the prosecutor used her preemptory challenges in an unconstitutional manner to strike black persons from the jury venire; (2) Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel; (3) the (attorney) appointment system in Mobile County was defective and operated to deprive Petitioner of a fundamentally fair trial; and (4) Petitioner's sentence was unconstitutionally enhanced.

Upon examination of Petitioner's prior habeas proceedings, it is apparent that Petitioner's claim regarding the prosecutor's use of preemptory challenges in an unconstitutional manner has been addressed by the Court and decided against him on the merits. In addressing this issue in Petitioner's first habeas corpus petition, U.S. Magistrate William E. Cassady found that Petitioner "failed to establish a facially sufficient equal protection violation" under the standards set forth in *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) and *Lindsey v. Smith,* 820 F.2d 1137, 1143 (11th Cir.), *reh'g. denied,* 828 F.2d 775 (1987) (en banc). *Kayser McMillian v. Willie E. Johnson,* C.A. 87–0262–B–C, Recommendation of Magistrate at p. 11 (S.D.Ala. March 27, 1989).[1]

Respondent contends that Petitioner's claim in the present petition should be dismissed under Rule 9(b) of the Rules Governing Habeas Corpus Cases Under Section 2254. That rule states as follows:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constitute an abuse of the writ.

In this Circuit, successive petitions under Rule 9(b) are divided into two categories. A petition that alleges a claim already adjudicated through a prior petition is a "successive petition." *Gunn v. Newsome,* 881 F.2d 949, 955 n. 6 (11th Cir.1989) (en banc). In contrast, a petition that states grounds for relief not raised in the prior petition may be analyzed as an "abuse of the writ." *Id.*

Petitioner's claim that the prosecutor used her preemptory challenges in a racially discriminatory manner to strike black persons from the jury venire was adjudicated on the merits in Petitioner's

---

1. U.S. District Judge Charles R. Butler, Jr. adopted the recommendation as the opinion of the Court. Petitioner filed an appeal with the Eleventh Circuit Court of Appeals; however, that Court, on August 2, 1989, denied Petitioner's application for a certificate of probable cause.

first habeas petition. In order to survive a Rule 9(b) motion in a case where the claim has already been adjudicated on the merits, a petitioner must demonstrate that the "ends of justice" would be served by a redetermination of the merits. *Richardson v. Thigpen*, 883 F.2d 895 (11th Cir. 1989); *see e.g., Fleming v. Kemp*, 794 F.2d 1478, 1481–82 (11th Cir.1986); *Witt v. Wainwright*, 755 F.2d 1396, 1397 (11th Cir. 1985), *rev'd. on other grounds*, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985). The petitioner may satisfy this burden if he can demonstrate that there has been an intervening change in the law or facts, *see Darden v. Dugger*, 825 F.2d 287, 292 (11th Cir.1987), or if he can make a "colorable showing of factual innocence", *Kullman v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986) (plurality opinion). The Court has reviewed the entire record in this cause and concludes that the "ends of justice" do not require reconsideration of Petitioner's claim which was previously presented to this Court. *See Fleming v. Kemp*, 837 F.2d 940, 943 (1988).

■ On March 5, 1992, Petitioner filed a response (Doc. 8) to this Court's order (Doc. 7) requiring him to explain on court-provided forms the reasons as to why his petition should not be dismissed under Rule 9(b). In his response, Petitioner fails to demonstrate that there has been a change in the law or facts nor does he make any "colorable showing of factual innocence." Petitioner contends that he did not understand the principles set out in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and therefore, could not present his argument under *Batson* with clarity at the time of his first petition. As noted previously, Petitioner's claim was adjudicated on the merits in his first petition. In addressing this claim, it was clear that Petitioner's conviction became final prior to

the Supreme Court's announcement of *Batson*.[2] Since *Batson* is inapplicable to Petitioner's conviction, Petitioner's response as to why the Court should reconsider his claim is without merit. Therefore, Petitioner's petition is due to be dismissed as a successive petition under Rule 9(b).

### CONCLUSION

It is the opinion of the Magistrate Judge that Petitioner's rights were not violated in this cause and that his petition for habeas corpus relief is due to be DENIED. It is so recommended.

The attached sheet contains important information regarding objections to this Recommendation.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. *Objection.* Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in Local Rule 26(4)(b), which provides that:

Any party may object to a magistrate judge's proposed findings, recommenda-

---

**2.** In addressing this claim, Magistrate Cassady stated that *Batson v. Kentucky* is not retroactively applicable "on collateral review of convictions which have become 'final' prior to the announcement of the *Batson* decision." *Jones v. Davis*, 835 F.2d 835, 837 (11th Cir.) (citing *Allen v. Hardy*, 478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986)), *cert. denied sub nom. Davis v. Jones*, 486 U.S. 1008, 108 S.Ct. 1735, 100

L.Ed.2d 199 (1988). In *Allen*, the Supreme Court defined "final" as meaning "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed before our decision in *Batson*." *Allen v. Hardy*, 478 U.S. at 258 n. 1, 106 S.Ct. at 2880 n. 1; *Jones v. Davis, supra*, 835 F.2d at 837.

tions or report made under 28 U.S.C. § 636(b)(1)(B) within ten (10) days after being served with a copy thereof. The appellant shall file with the Clerk, and *serve on the magistrate judge* and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his discretion or where required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

A Magistrate Judge's recommendation cannot be appealed to a Court of Appeals; only the District Judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded).* Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.