**Neil SCHLEEPER, Appellant,**

v.

**Michael GROOSE, Appellee.**

**No. 94–1539.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1994.

Decided Sept. 26, 1994.

See also 806 S.W.2d 459.

Robert J. Thomas, Jr., St. Louis, MO, argued, for appellant.

Michael Spillane, Asst. Atty. Gen., Jefferson City, MO, argued, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FAGG, Circuit Judge.

A Missouri jury convicted Neil Schleeper of assault and armed criminal action, and Schleeper appealed to the Missouri Court of Appeals. Schleeper also filed a Missouri Rule of Criminal Procedure 29.15 motion for postconviction relief alleging trial errors and ineffective assistance of counsel. The Missouri Court of Appeals suspended Schleeper's direct appeal pending the outcome of his Rule 29.15 motion. Schleeper escaped from custody, but was recaptured two days later. Although the State moved to dismiss Schleeper's Rule 29.15 motion, the motion court held a hearing and denied the motion on the merits.

After Schleeper appealed the Rule 29.15 denial, the Missouri Court of Appeals consolidated Schleeper's Rule 29.15 appeal with his direct appeal and dismissed both appeals under Missouri's fugitive dismissal rule, holding Schleeper's attempt to escape justice forfeited his right to appeal his conviction and the denial of his Rule 29.15 motion. *State v. Schleeper*, 806 S.W.2d 459, 460 (Mo.Ct.App. 1991). Schleeper filed a 28 U.S.C. § 2254 habeas petition. Concluding all eighteen of Schleeper's asserted grounds for habeas relief were procedurally barred by the dismissal of his state appeals, the district court denied Schleeper's petition. Schleeper appeals, contending the Missouri Court of Appeals misapplied Missouri's fugitive dismissal rule and this misapplication should excuse his procedural default.

"[B]efore [Schleeper] can bring a federal habeas action, he must have presented the same legal theories and factual bases to the [Missouri] courts." *Battle v. Delo,* 19 F.3d 1547, 1552 (8th Cir.1994). To avoid default, "Missouri procedure requires that a claim be presented 'at each step of the judicial process.'" *Jolly v. Gammon,* 28 F.3d 51, 53 (8th Cir.1994) (quoting *Benson v. State,* 611 S.W.2d 538, 541 (Mo.Ct.App.1980)). Thus, although the motion court decided Schleeper's Rule 29.15 motion on the merits, Schleeper procedurally defaulted his claims when the Missouri Court of Appeals dismissed his Rule 29.15 appeal. *See id.* Because the Missouri Court of Appeals declined to address Schleeper's federal claims based on its interpretation and application of an independent and adequate state procedural rule, a federal court may review Schleeper's federal claims only if Schleeper can show cause and prejudice, or if he has evidence of his actual innocence and thus a miscarriage of justice will occur unless his claims are reviewed. *See Sawyer v. Whitley,* —— U.S. ——, —— – ——, 112 S.Ct. 2514, 2518–19, 120 L.Ed.2d 269 (1992).

In § 2254 proceedings, federal courts are limited to deciding whether a state conviction violated the federal Constitution or laws. *Estelle v. McGuire,* 502 U.S. 62, ——, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). A federal court may not re-examine a state court's interpretation and application of state law. *Id.* Thus, a state's misapplication of its own procedural rule is not cause for default. *Richardson v. Thigpen,* 883 F.2d 895, 898 (11th Cir.), *cert. denied,* 492 U.S. 934, 110 S.Ct. 17, 106 L.Ed.2d 631 (1989). Having concluded Schleeper has not shown cause for his default, we need not consider the prejudice prong. *Battle,* 19 F.2d at 1554.

Schleeper argued in the district court that failure to review his claims would be a fundamental miscarriage of justice, but Schleeper has not made this argument on appeal. In any event, because Schleeper has not asserted actual innocence, his fundamental miscarriage argument must fail. *See id.* at 1552.

Unlike the petitioner in our recent decision *Branch v. Turner,* 37 F.3d 371 (8th Cir.1994), Schleeper failed to raise the issue of whether Missouri's fugitive dismissal rule violates the Constitution in his habeas petition, or develop the issue with supporting argument in his opening brief or at oral argument. Instead, Schleeper's reply brief merely states that Missouri's application of its fugitive dismissal rule to the facts of his case "is incongruent with substantive due process." We need not consider an argument first raised in a reply brief. *Dyer v. United States,* 23 F.3d 1421, 1424 (8th Cir. 1994). Further, Schleeper's perfunctory reference to due process without discussion does not bring the issue before this court. We thus decline to exercise our discretion to consider this question of law on appeal. *See Branch,* 37 F.3d at 374–75.

Accordingly, we affirm the district court's denial of Schleeper's habeas petition.