_____

No. 95-4040SI
_____

Kenneth E. Johns,                *
                                 *
          Appellant,             *    Appeal from the United States
                                 *    District Court for the Southern
     v.                          *    District of Iowa.
                                 *
Thomas Hundley,    *                  [UNPUBLISHED]
                                 *
          Appellee.              *
_____

               Submitted:  September 12, 1996

                 Filed:  September 19, 1996
_____

Before FAGG, BEAM, and MURPHY, Circuit Judges.
_____


PER CURIAM.


     After Kenneth E. Johns was convicted of felony escape, the Iowa
Supreme Court rejected Johns's contention that he had committed only
misdemeanor escape.  Johns then brought this 28 U.S.C. § 2254 action for
habeas relief, asserting insufficiency of the evidence and lack of fair
warning that his escape was felonious.  The district court dismissed
Johns's petition.  We affirm.


     Johns was confined in a fenced medium-security facility at the Iowa
State Penitentiary (ISP), and he worked in the prison industries building
outside the fenced enclosure but within the ISP complex.  At work, Johns
was supervised by prison industries staff and was watched by armed prison
guards in a guard tower.  If Johns had been seen trying to leave the ISP
complex, prison officials would have forcibly stopped him.  Johns carried
out his planned escape by walking away from the prison industries building,
getting

into his girlfriend's waiting car, and riding off with her.  He was caught four days later in another state.

Johns did not raise his no-fair-warning claim in state court.  We need not pursue the question of exhaustion, however, because the claim is meritless.  Where that is so, we may rule on the merits at once.  <u>Granberry v. Greer</u>, 481 U.S. 129, 131, 135 (1987); <u>Thompson v. Missouri Bd. of Parole</u>, 929 F.2d 396, 398 (8th Cir. 1991).  Johns claims the Iowa Supreme Court's decision in <u>State v. Breitbach</u>, 488 N.W.2d 444 (Iowa 1992), violated his right to due process by unforeseeably expanding the scope of Iowa's felony-escape statute.  <u>See</u> <u>Bouie v. City of Columbia</u>, 378 U.S. 347, 352 (1964).  As the district court pointed out to Johns, <u>Breitbach</u> was decided six months before he escaped.  Thus, Johns had fair warning his escape would be felonious.

Relying on <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979), Johns argues his conviction violates due process because it is based on insufficient evidence.  Johns's reliance on <u>Jackson</u> is misplaced.  In truth, Johns asks this court to override the Iowa Supreme Court's application, in its ruling on Johns's direct appeal, of Iowa's felony-escape statute.  This we cannot do.  "A federal court may not re-examine a state court's interpretation and application of state law." <u>Schleeper v. Groose</u>, 36 F.3d 735, 737 (8th Cir. 1994).  Applying <u>Breitbach</u> and other relevant precedent to Johns's situation, the Iowa Supreme Court held that Johns's flight from the ISP prison industries building was a felony escape under Iowa law.  <u>State v. Johns</u>, No. 235/93-816, slip op. at 3 (Iowa Aug. 8, 1994).  The Iowa Supreme Court's understanding of Iowa law binds Johns, and binds us as well.  <u>See</u> <u>Bates v. McCaughtry</u>, 934 F.2d 99, 102-03 (7th Cir.), <u>cert. denied</u>, 502 U.S. 915 (1991).

We thus affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.