97 F.3d 1456
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Kenneth E. JOHNS, Appellant,
v.
Thomas HUNDLEY, Appellee.
 No. 95-4040SI.
 United States Court of Appeals, Eighth Circuit.
 Submitted: September 12, 1996.
Filed: September 19, 1996.
 
 Before FAGG, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 After Kenneth E. Johns was convicted of felony escape, the Iowa Supreme Court rejected Johns's contention that he had committed only misdemeanor escape. Johns then brought this 28 U.S.C. § 2254 action for habeas relief, asserting insufficiency of the evidence and lack of fair warning that his escape was felonious. The district court dismissed Johns's petition. We affirm.
 
 
 2
 Johns was confined in a fenced medium-security facility at the Iowa State Penitentiary (ISP), and he worked in the prison industries building outside the fenced enclosure but within the ISP complex. At work, Johns was supervised by prison industries staff and was watched by armed prison guards in a guard tower. If Johns had been seen trying to leave the ISP complex, prison officials would have forcibly stopped him. Johns carried out his planned escape by walking away from the prison industries building, getting into his girlfriend's waiting car, and riding off with her. He was caught four days later in another state.
 
 
 3
 Johns did not raise his no-fair-warning claim in state court. We need not pursue the question of exhaustion, however, because the claim is meritless. Where that is so, we may rule on the merits at once. Granberry v. Greer, 481 U.S. 129, 131, 135 (1987); Thompson v. Missouri Bd. of Parole, 929 F.2d 396, 398 (8th Cir.1991). Johns claims the Iowa Supreme Court's decision in State v. Breitbach, 488 N.W.2d 444 (Iowa 1992), violated his right to due process by unforeseeably expanding the scope of Iowa's felony-escape statute. See Bouie v. City of Columbia, 378 U.S. 347, 352 (1964). As the district court pointed out to Johns, Breitbach was decided six months before he escaped. Thus, Johns had fair warning his escape would be felonious.
 
 
 4
 Relying on Jackson v. Virginia, 443 U.S. 307 (1979), Johns argues his conviction violates due process because it is based on insufficient evidence. Johns's reliance on Jackson is misplaced. In truth, Johns asks this court to override the Iowa Supreme Court's application, in its ruling on Johns's direct appeal, of Iowa's felony-escape statute. This we cannot do. "A federal court may not re-examine a state court's interpretation and application of state law." Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir.1994). Applying Breitbach and other relevant precedent to Johns's situation, the Iowa Supreme Court held that Johns's flight from the ISP prison industries building was a felony escape under Iowa law. State v. Johns, No. 235/93-816, slip op. at 3 (Iowa Aug. 8, 1994). The Iowa Supreme Court's understanding of Iowa law binds Johns, and binds us as well. See Bates v. McCaughtry, 934 F.2d 99, 102-03 (7th Cir.), cert. denied, 502 U.S. 915 (1991).
 
 
 5
 We thus affirm the district court.