**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3517
_____

RALPH SUNY,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
THE DISTRICT ATTORNEY OF THE COUNTY OF DELAWARE;
THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-12-cv-01469)
District Judge: The Honorable Jan E. DuBois
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 19, 2016
_____

Before: SMITH, *Chief Judge*, McKEE and SHWARTZ, *Circuit Judges*.

(Filed: April 28, 2017)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge.*

Ralph Suny appeals the order of the District Court denying the habeas corpus petition he filed pursuant to 28 U.S.C. § 2254. He contends that his trial counsel was ineffective for two reasons: (1) counsel failed to object to a jury instruction that did not explain that a person can be guilty of a single conspiracy to commit multiple crimes, and (2) counsel failed to adequately investigate alibi witness testimony. For the reasons that follow, we will affirm.

I[1]

Ralph Suny was charged in Pennsylvania state court with eight counts of burglary, and eight counts of conspiracy to commit burglary and related offenses. The charges arise from a total of eight home invasions that occurred between August and September of 2003.

At trial, the judge gave jury instructions explaining the elements of conspiracy in general, but did not explain that a person can be guilty of a single conspiracy to commit multiple crimes. Suny's counsel did not request any such instruction and did not object to the instruction that was given. The jury convicted Suny of one count of first degree burglary, one count of second degree burglary, three counts of conspiracy to commit burglary, and one count of driving under the influence.

---

[1] Because we write primarily for the parties who are familiar with this case, we set forth only those facts necessary to our conclusion.

2

After sentencing, Suny moved for a new trial. After he was appointed new counsel, Suny claimed, among other things, that his trial counsel was ineffective for failing to investigate and present the alibi witness testimony of his mother and aunt. The trial court held a hearing on that motion and heard Suny's family's testimony as well as that of both of Suny's trial attorneys. The court concluded that Suny's mother and aunt's claims that Suny's attorneys ignored their alibi information and failed to adequately investigate "lacked credibility."[2] Rather, the court credited Suny's attorneys' testimony that they conducted a thorough investigation of any potential alibi testimony, and that Suny's mother and aunt never made the attorneys aware of their potential alibi evidence.[3] Based on these findings, the court concluded that "trial counsel was unaware of the existence of the proffered alibi testimony, and cannot be found ineffective for failing to call these witnesses."[4]

Suny appealed to the Superior Court of Pennsylvania. His claims there included the ineffectiveness of trial counsel for failing to present alibi testimony. The Superior Court rejected Suny's claims, concluding that because the record contained "ample factual support" for the trial court's conclusion that Suny's attorneys had done a thorough investigation into alibi witness testimony, "there [was] no basis upon which [the] Court [could] disturb the findings of the trial court that [the attorneys] had not been ineffective

---

[2] J.A. at 92–93; *Commonwealth v. Suny* (*Suny I*), Nos. 6903-03, 6906-03, 6915-03, slip op. at 22–23 (Del. Cty. Com. Pl. June 27, 2005).
[3] J.A. at 86–96; *Suny I*, slip op. at 16–26.
[4] J.A. 96; *Suny I*, slip op. at 26.

in failing to produce alibi testimony."[5] The Pennsylvania Supreme Court denied Suny's request for appeal.[6]

Thereafter, Suny filed a pro se petition for post-conviction relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), alleging thirteen errors. Among the errors listed, Suny claimed that the jury instruction on conspiracy was faulty under state law. Suny also generally claimed that his counsel was ineffective. However, he did not explicitly present the claim that his trial counsel was ineffective for failing to object to the conspiracy charge. The closest Suny got to articulating the ineffectiveness claim he now argues is a statement in his PCRA brief that he was eligible for relief due to "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."[7] Suny went on to state that appellate counsel "failed to appeal issues to the highest courts," referencing Part A and B of his PCRA brief.[8] Part A of Suny's brief, entitled "ALL ISSUES," included an outline of his claim that the jury instructions were deficient for failure to include an explanation of single conspiracy and stated that appellate counsel "failed to argue illegal conviction of MULTIPLE CRIMINAL CONSPIRACY CHARGES."[9]

---

[5] J.A. at 119–21; *Commonwealth v. Suny* (*Suny II*), 915 A.2d 151 (Pa. Super. Ct. 2006) (unpublished table decision).
[6] *Commonwealth v. Suny* (*Suny III*), 927 A.2d 624 (Pa. 2007).
[7] J.A. at 128.
[8] J.A. at 129.
[9] J.A. at 142.

Suny's appointed PCRA counsel moved to withdraw because he concluded that Suny's claims lacked merit.[10] In PCRA counsel's "no merit" letter, he outlined the issues in Suny's PCRA brief but did not articulate Suny's current claim of ineffective assistance of counsel for failure to object to the instruction. The PCRA court granted the motion to withdraw and dismissed Suny's petition without a hearing.[11]

Suny appealed. This time, however, he did clearly articulate his ineffective assistance claim based on the allegedly faulty conspiracy instruction.[12] The Superior Court affirmed the PCRA court's dismissal of Suny's petition, holding that his ineffective assistance claim was waived under Pennsylvania law because Suny failed to raise it in his brief or PCRA petition.[13] The Pennsylvania Supreme Court denied Suny's petition for allowance of appeal.[14]

Suny then filed a pro se petition for habeas relief, raising seven constitutional claims, all of which were rejected by the District Court.[15] We granted a certificate of appealability on five issues, two of which Suny withdrew in his reply brief.[16] Thus the following issues articulated in the certificate of appealability remain before us: (1)

---

[10] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

[11] *Commonwealth v. Suny* (*Suny IV*), Nos. 6903-03, 6906-03, 6915-03, slip op. 198, 198 (Del. Cty. Com. Pl. June 23, 2008).

[12] J.A. at 148 ("Was the attorney ineffective for not raising the issue of multiple conspiracy vs. single conspiracy[?]").

[13] J.A. at 155–56; *Commonwealth v. Suny* (*Suny V*), 987 A.2d 825 (Pa. Super. Ct. 2009) (unpublished table decision).

[14] *Commonwealth v. Suny* (*Suny VI*), 15 A.3d 67 (Pa. 2011).

[15] *Suny v. Pennsylvania* (*Suny VII*), No. CIV.A. 12-1469, 2014 WL 772439, at *1 (E.D. Pa. Feb. 27, 2014).

[16] Reply Br. at 11 n.2.

whether the trial court erred in failing to instruct the jury that it could find him guilty for a single conspiracy even though multiple conspiracies were charged, (2) whether trial and appellate counsel were ineffective for failing to request the instruction or challenge its absence, and (3) whether trial counsel was ineffective for failing to investigate and present the alibi witness testimony of Suny's mother and aunt. Because the record supports the trial court's finding that Suny did not inform his trial counsel of potential alibi witnesses, we need only discuss that claim briefly. We will address the first two claims together as they raise the same issue.[17]

II

Suny's appeal is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, a federal court may not grant a writ of habeas corpus unless the petitioner "has exhausted the remedies available in the courts of the State."[18] To do so, "the petitioner must fairly present all federal claims to the highest state court before bringing them in federal court."[19] If claims are fairly presented—and therefore "exhausted" in state court—federal courts may grant habeas relief only if a state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[,]" or "resulted in a decision that was based on an unreasonable

---

[17] The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254. We have appellate jurisdiction to review the certified issues under 28 U.S.C. § 2253. Because the District Court held no evidentiary hearing, our review is plenary. *Simmons v. Beard*, 590 F.3d 223, 231 (3d Cir. 2009).

[18] 28 U.S.C. § 2254(b)(1)(A).

[19] *Stevens v. Del. Corr. Ctr.*, 295 F.3d 361, 369 (3d Cir. 2002); 28 U.S.C. § 2254(b).

6

determination of the facts in light of the evidence presented in the State court proceeding."[20]

Even if a petitioner asserted a claim in state court, however, a federal court may not review it on the merits where a state court's denial of relief rests on a violation of a state procedural rule, provided that the state rule "is independent of the federal question and adequate to support the judgment."[21] Such claims are procedurally defaulted, and we are unable to review them unless the petitioner can show cause and prejudice to excuse the default.[22]

Under this framework, we first consider whether Suny is procedurally barred from pursuing his claim that trial counsel was ineffective for failing to contemporaneously object to the trial court's conspiracy instruction.

A

Suny argues that the evidence in his case supported a jury finding of a single conspiracy rather than multiple conspiracies. Put another way, Suny argues that the jury could have found based on the evidence that the burglaries were conducted pursuant to a single agreement to commit multiple burglaries instead of multiple agreements to commit each burglary. Had the jury found that Suny had agreed only to a single conspiracy, his sentence may well have been less than he received. Moreover, there is evidence to support such a finding: The three burglaries that led to Suny's only convictions were

---

[20] 28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 100–02 (2011).
[21] *Nara v. Frank*, 488 F.3d 187, 199 (3d Cir. 2007).
[22] *United States v. Frady*, 456 U.S. 152, 167–68 (1982).

committed by the same conspirators, and took place only three nights apart and within a half mile of each other.[23] Suny therefore claims that under Pennsylvania law, he was entitled to an instruction that informed the jury that he could be convicted of a single conspiracy had his counsel requested one.[24] Thus, according to Suny, he was prejudiced under the *Strickland v. Washington*[25] standard by his trial counsel's failure to object to the instruction as given. However, we are unable to consider the merits of Suny's ineffective assistance of trial counsel claim because he waived it in state court.[26]

Pennsylvania law requires that a defendant convicted at trial present any ineffective assistance of counsel claims in his or her initial PCRA petition—or else the claims are waived.[27] All PCRA claims must be explicitly raised in the petition to avoid such a waiver.[28] Suny argues that he did adequately raise his ineffective assistance claim

---

[23] We take no position as to whether Suny was entitled to such an instruction under Pennsylvania law as "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1991). Thus, our inquiry here is limited to whether Suny is entitled to relief based on his claim that his trial counsel was ineffective for failing to request such an instruction.

[24] *See Commonwealth v. Andrews*, 768 A.2d 309, 316 (Pa. 2001); 18 Pa. Stat. and Cons. Stat. Ann. § 903(c) ("If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship.").

[25] 466 U.S. 668 (1984).

[26] To the extent that Suny seeks to recast his state law claim for relief as a constitutional due process claim, *See* Appellant's Br. at 28, Reply Br. at 7–8, this claim is also procedurally defaulted and unreviewable for the same reasons as Suny's ineffective assistance of trial counsel claim.

[27] *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002).

[28] Pa. R. Crim. P. 902(B) ("Each ground relied upon in support of the relief requested shall be stated in the petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."); Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot

that he pursues here—specifically, that his trial counsel was deficient for failing to object to the jury instructions on conspiracy. First, Suny notes that he indicated on his petition that he was entitled to relief, in part, because of "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place."[29] Second, Suny notes that he wrote that appellate counsel "failed to appeal issues to the highest courts," referencing Parts A and B of his brief.[30] Part A of Suny's brief, entitled "ALL ISSUES," argued, among other things, that the jury instructions were deficient because they failed to include an explanation of single conspiracy.[31] Thus, Suny argues, he adequately raised the issue he claims here and it was not waived.

However, even affording Suny the liberal construction afforded to all *pro se* litigants,[32] the extremely general and overbroad statements in his PCRA petition and brief do not come close to providing the necessary factual and legal underpinnings to present the specific ineffectiveness claim he argues here.[33] Accordingly, Suny's petition was not sufficiently clear to allow his appointed PCRA counsel or the PCRA court to understand

be raised for the first time on appeal."). *See also* 42 Pa. Stat. and Cons. Stat. Ann. § 9543 ("To be eligible for [post-conviction] relief . . ., petitioner must *plead and prove* by a preponderance of the evidence . . . [t]hat the conviction or sentence resulted from one or more of the following: . . . Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." (emphasis added)).

[29] Appellant's Br. at 32; J.A. at 128.
[30] Appellant's Br. at 32; J.A. at 129.
[31] J.A. at 129, 142.
[32] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).
[33] *See id.* at 245.

9

that he was raising the ineffectiveness claim argued here. Suny's counsel only outlined

his claim that appellate counsel—not trial counsel—was deficient for failing to pursue the

state law claim on appeal. The PCRA court responded only to the argument that appellate

counsel was ineffective.[34] The Superior Court affirmed, holding that "neither Appellant's

PCRA petition nor his brief makes any claim of ineffectiveness for [counsel's] failure to

[object to the jury conspiracy charge], nor of post trial counsel's failure to raise the issue

of trial counsel's omission on appeal. Accordingly, both claims are waived."[35] In sum,

Suny's failure to adequately raise this issue before the PCRA court precluded him from

raising it subsequently on appeal before the Pennsylvania Superior Court. Consequently,

the claim was dismissed on procedural grounds and not considered on its merits.

Such a dismissal on the state procedural grounds constitutes an independent and

adequate state ground upon which to uphold a petitioner's conviction.[36] As discussed

above, procedurally defaulted claims that rest on independent and adequate state grounds

are ordinarily unreviewable on federal collateral review.[37]

---

[34] *Suny IV*, slip op. at 201–02.

[35] J.A. at 156.

[36] A state procedural rule is "independent" if it is separate from the federal issue. That requirement is met here. *Cabrera v. Barbo*, 175 F.3d 307, 313 (3d Cir. 1999). A state procedural rule is "adequate" if it was "firmly established and regularly followed" at the time of the alleged procedural default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991). This requirement is also met here. Based on Rule of Criminal Procedure 902(B) and Rule of Appellate Procedure 302(a), Pennsylvania courts routinely decline to consider on appeal an argument that was not explicitly raised in the PCRA petition. *See, e.g.*, *Commonwealth v. Bond*, 819 A.2d 33, 39 (Pa. 2002); *Commonwealth v. Bracey*, 795 A.2d 935, 940 n.4 (Pa. 2001).

[37] *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Suny argues that the state court misapplied state procedural rules and incorrectly concluded that his claim was waived. However, federal courts generally will not consider whether the state court properly applied its own default rule to the petitioner's facts.[38] In any event, we agree with the Superior Court that under Pennsylvania law, Suny's PCRA brief did not adequately raise the ineffective assistance claim he now attempts to raise and he therefore waived the claim.[39] Therefore, Suny's ineffective assistance claim based

---

[38] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). *See also Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) ("A federal habeas court does not have license to question a state court's finding of procedural default or to question whether the state court properly applied its own law." (internal citation and quotation marks omitted)); *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) ("Federal habeas courts lack jurisdiction, however, to review state court applications of state procedural rules."); *Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1994) ("[A] state's misapplication of its own procedural rule is not cause for default."); *Barksdale v. Lane*, 957 F.2d 379, 383–84 (7th Cir. 1992) ("[A] federal court sitting in habeas corpus is required to respect a state court's finding of waiver or procedural default under state law. Federal courts do not sit to correct errors made by state courts in the interpretation and application of state law."); *Richardson v. Thigpen*, 883 F.2d 895, 898 (11th Cir. 1989), *cert. denied*, 492 U.S. 934 (1989) ("[Petitioner] argues that the state misapplied its own procedural default rules; this does not constitute cause within the meaning of *Strickland*.").

[39] *See Bond*, 819 A.2d at 39–40 (holding that "boilerplate" and "bald allegation[s]" of ineffective assistance of counsel "tacked on to waived claims of trial court error" were insufficient to avoid waiving the claims); *Bracey*, 795 A.2d at 940 n.4 (concluding that a PCRA petition that "tack[ed] a on sentence that trial and appellate counsel were ineffective for failing to raise and/or properly litigate the underlying claims" was an "undeveloped argument, which fail[ed] to meaningfully discuss and apply the standard governing the review of ineffectiveness claims" and therefore the petitioner "[did] not satisfy [his] burden of establishing that he is entitled to any relief").

on counsel's failure to object to the conspiracy jury instruction is procedurally defaulted and the merits of the claim are unreviewable here.[40]

B

Next, Suny argues that his trial counsel was ineffective for failing to adequately investigate and present alibi witness testimony. We agree with the District Court that there was "nothing unreasonable in the state courts' treatment of this claim."[41] Both the Court of Common Pleas and Superior Court reasonably found, after a careful review of the evidence, that Suny's attorneys' testimony was more credible than Suny's family's claims that counsel ignored their potential alibi testimony.[42] Therefore, under the *Strickland* standard, the state courts reasonably concluded that Suny's counsel's investigation was adequate and that the choice not to elicit Suny's family's unhelpful testimony at trial was not ineffective assistance.

III

For the reasons set forth above, we will affirm the judgment of the District Court denying a writ of habeas corpus.

---

[40] We note that under the Supreme Court's recent case, *Martinez v. Ryan*, 566 U.S. 1 (2012), ineffective assistance of trial counsel claims procedurally defaulted under state law may be reviewable on habeas if the prisoner's collateral review counsel is found to have been ineffective for failing to raise them. *Id.* at 14. However, Suny has not argued that his appointed PCRA counsel was ineffective and we therefore do not consider *Martinez*'s application here.

[41] *Suny VII*, 2014 WL 772439, at \*18.

[42] *Suny I*, slip op. at 14–26; *Suny II*, slip op. at 10–12.