NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKE DU TRIEU, | No. 17-55265 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-03365-VBF-AJW |
| v. | |
| ROBERT W. FOX, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted March 6, 2019
Pasadena, California

Before: FERNANDEZ and M. SMITH, Circuit Judges, and CHRISTENSEN,**
Chief District Judge.

California state prisoner Mike Du Trieu appeals the district court's denial of

his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C.

§§ 1291 and 2253, and we affirm.

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Dana L. Christensen, Chief United States District
Judge for the District of Montana, sitting by designation.

"The procedural default doctrine 'bar[s] federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.'" *Calderon v. United States District Court*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991)). The California Supreme Court denied Trieu's unexhausted ineffective assistance of counsel claim by applying its procedural bar against successive or piecemeal litigation by citing *In re Clark*, 5 Cal. 4th 750, 767–69 (Cal. 1993). Petitioner contends that the state incorrectly applied the *Clark* procedural rule in this case; however, we may not review the legitimacy of that decision. *See Wood v. Hall*, 130 F.3d 373, 379 (9th Cir. 1997) ("'[a] federal court may not re-examine a state court's interpretation and application of state law.'") (quoting *Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1994)). Thus, because the State properly raised this affirmative defense and Trieu did not put its adequacy at issue, the bar applies to this case. *See Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003) (explaining that the petitioner bears the burden to put the procedural rule at issue "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule.").

Because we find Trieu's claims procedurally defaulted, we need not reach the merits of his petition.

2                                                      17-55265

**AFFIRMED.**