# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3961

_____

Roderick Nunley,

        Appellant,

v.

Michael Bowersox, Superintendent,
Potosi Correctional Center,

        Appellee.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\*
\*
\*

_____

Submitted: December 15, 2004
Filed: January 14, 2005

_____

Before MELLOY, BRIGHT, and BOWMAN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Roderick Nunley pleaded guilty in Jackson County, Missouri, circuit court to first-degree murder, armed criminal action, kidnapping, and forcible rape, charges arising from the 1989 stabbing death of Ann Harrison, a fifteen-year-old girl who was abducted by Nunley and Michael Taylor while she waited for the school bus. The court sentenced Nunley to death. The case took a number of turns in the state courts, including resentencing by another judge, before landing in federal court on Nunley's

motion under 28 U.S.C. § 2254 for habeas relief. The District Court[1] denied the petition but granted a certificate of appealability (COA) on an issue that the court had not addressed on the merits. We affirm the denial of habeas relief.

In June 2002 (after Nunley filed his § 2254 petition but a month before he filed his traverse), the United States Supreme Court held that the Sixth Amendment right to trial by jury required that a jury, not a judge, "find an aggravating circumstance necessary for imposition of the death penalty." Ring v. Arizona, 536 U.S. 584, 609 (2002). Because he was sentenced by a judge, Nunley sought to raise a Ring claim late in the § 2254 proceedings, after he filed his traverse, but the District Court refused to allow Nunley to argue the issue in a supplemental traverse. Nevertheless, in an order dated December 4, 2003, the District Court granted Nunley a COA, noting that the Supreme Court had granted certiorari in a case from the Ninth Circuit to address questions regarding the retroactivity of Ring.

A few weeks after Nunley filed his main brief in this appeal, the Supreme Court handed down its opinion in the Ring retroactivity case, Schriro v. Summerlin, 124 S. Ct. 2519 (2004). The Court said, "*Ring* announced a new procedural rule that does not apply retroactively to cases already final on direct review." 124 S. Ct. at 2526.[2]

---

[1]The Honorable Fernando J. Gaitan, United States District Judge for the Western District of Missouri.

[2]The Court applied the test it had set out in its previous opinion in Teague v. Lane, 489 U.S. 288 (1989), and concluded that the rule of Ring did not "alter[] the range of conduct or the class of persons that the law punishes" but only "altered the range of permissible methods for determining whether a defendant's conduct is punishable by death." Schriro v. Summerlin, 124 S. Ct. 2519, 2523 (2004). Further, the Ring rule did not change the elements of the offense. Finally, the Court held that the opinion in Ring had not declared a watershed rule of criminal procedure that would require the federal courts to apply it retroactively, since the fairness and accuracy of the sentences in question were not affected.

That decision would seem to settle the matter for Nunley in his bid in federal court for collateral review of his death sentence under Ring, but Nunley argues otherwise.

A year before the Summerlin opinion was filed, the Missouri Supreme Court issued its opinion in State v. Whitfield, 107 S.W.3d 253 (Mo. 2003) (en banc). The state's highest court decided, as a matter of state law, not to apply the analysis of Teague v. Lane, 489 U.S. 288 (1989), to determine if Ring should apply retroactively to the case before it. Instead, the court chose "to continue applying the *Linkletter-Stovall* approach to the issue of the retroactivity of *Ring*." Whitfield, 107 S.W.3d at 268.[3] The court noted that the Teague test was narrower than the older Linkletter-Stovall test and so the court's application of the latter to the question of Ring's retroactivity would "pass constitutional muster." Id. at 267. The court proceeded to analyze Ring under the broader test and concluded that the Ring holding would be retroactive as to "those few Missouri death penalty cases that are no longer on direct appeal and in which the jury was unable to reach a verdict and the judge made the required factual determinations and imposed the death penalty." Id. at 268–69; see also id. at 269 n.17 (identifying five potential cases, besides Whitfield's, to which its holding that Ring should apply retroactively might be relevant). Although the factual scenario of Nunley's sentencing does not come within this narrow description of cases, he nevertheless argues that Ring should apply to invalidate his death sentence.

In his reply brief, in maintaining that this Court can—and should—vacate his death sentence, Nunley asserts that "[w]here a state creates certain rights for a criminal defendant, the law is clear that the Fourteenth Amendment Due Process Clause requires that the federal courts enforce such rights." Appellant's Reply Brief at 3. But in the cases he cites, the state courts in question had failed to act in accordance with due process in applying state law. Such is not the case here. No

---

[3]Stovall v. Denno, 388 U.S. 293 (1967); Linkletter v. Walker, 381 U.S. 618 (1965).

state court has declined to hear Nunley's arguments on a <u>Ring</u> claim or on the retroactivity of <u>Ring</u> under <u>Whitfield</u>. Moreover, the order granting the COA makes no mention of Nunley's due process rights or a state court's violation thereof. We do not dispute the proposition that Missouri may "provide greater protections in [its] criminal justice system than the Federal Constitution requires." <u>California v. Ramos</u>, 463 U.S. 992, 1014 (1983). But Nunley has chosen the wrong forum in which to seek those "greater protections." The issue he raises should, in this case, be addressed in the first instance—if at all—by a state court. <u>See</u> 28 U.S.C. § 2254(b). Under federal law, which we are bound to follow, <u>Ring</u> is not retroactive on collateral review.

The District Court's denial of Nunley's petition for habeas relief is affirmed.

_____