# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-1044

_____

Richard Litschewski

*Petitioner - Appellee*

v.

Robert Dooley, Warden; Marty J. Jackley, Attorney General of the State of South Dakota

*Respondents - Appellants*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: May 12, 2015
Filed: July 9, 2015

_____

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

MURPHY, Circuit Judge.

A jury found Richard Litschewski guilty of three child sex crimes in South Dakota state court, and separate judgments of conviction were entered for each offense. After Litschewski was sentenced to serve three consecutive terms of imprisonment, the state supreme court reversed the sentences because the trial court had not complied with a state law which required multiple sentences to be ordered

chronologically according to the time each offense was committed. On remand the trial court rearranged the sentences in chronological order, and the state supreme court affirmed. Litschewski then brought this 28 U.S.C. § 2254 action alleging that his rearranged sentences imposed multiple punishments for the same offense in violation of the double jeopardy clause of the United States Constitution. The district court granted his petition and vacated one of his sentences. We reverse and remand.

Litschewski was charged with three child sex crimes in 1997. The first count of the indictment alleged that he had raped a child in 1991, the second count alleged a 1989 rape, and the third count alleged sexual contact with a child in 1996. A jury found Litschewski guilty of all three counts, and the trial court entered separate judgments of conviction for each crime. The court ordered Litschewski to serve three consecutive sentences: 7.5 years on count one, 12.5 years on count two, and 7.5 years on count three, for a total 27.5 years of imprisonment. The state supreme court affirmed the convictions on direct appeal.

In 2009 Litschewski filed a collateral motion to correct his sentence, arguing that S.D. Codified Laws § 22-6-6.1 (1997) required consecutive sentences be served chronologically in the order that each offense had been committed. That meant that a sentence for a prior in time offense should be served before a later one, and Litschewski had been ordered to serve his sentence for the 1991 rape before his sentence for a 1989 rape. The state supreme court agreed that there had been sentencing error, and it reversed and remanded for resentencing in accordance with § 22-6-6.1.

On remand the state trial court rearranged the sentences to be served in chronological sequence, ordering that Litschewski serve 12.5 years on count two before serving 7.5 years on count one. It credited all the time that Litschewski had served on count one toward his sentences for the later offenses. This arrangement did not increase the total term of his imprisonment. Litschewski then moved to modify

his sentence, asserting that he had served his entire 7.5 year sentence on count one before the court had rearranged his sentences in chronological order. In Litschewski's view, the state court's order technically required him to serve his sentence on count one a second time, even though the full 7.5 years he had served on that sentence had been credited to his total period of incarceration. He argued that the rearrangement violated the double jeopardy clause's protection against multiple punishments for the same offense. The state trial court denied his motion, and the state supreme court summarily affirmed.

Then Litschewski filed an amended § 2254 petition in the district court, alleging the same double jeopardy violation he had argued on his state court motion. Acknowledging the absence of direct Supreme Court precedent, the district court cited a dissenting opinion by Justice Scalia which stated that "The Double Jeopardy Clause is and has always been, not a provision designed to assure reason and justice in the particular case, but the embodiment of technical, prophylactic rules" that may "release a criminal deserving of punishment" in a particular case "for the greater purpose of assuring repose in the totality of criminal prosecutions and sentences . . . . The State broke the rules here, and must abide by the result." Jones v. Thomas, 491 U.S. 376, 396 (1989) (Scalia, J., dissenting).

In ruling on Litschewski's petition, the district court concluded that even though the state trial court had not increased his total term of imprisonment and had credited the 7.5 years he had originally served on count one toward fulfilling his other sentences, the state court order rearranging his sentences had technically required him to serve his sentence on count one a second time in violation of the double jeopardy clause's protection against multiple punishments for the same offense. The district court granted Litschewski's habeas petition which had challenged his sentence on count one. The state of South Dakota appeals.

We "review legal issues presented in a habeas petition de novo, but we review any underlying factual findings for clear error." Nunley v. Bowersox, 784 F.3d 468, 471 (8th Cir. 2015). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "an application for a writ of habeas corpus may not be granted unless the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Armstrong v. Hobbs, 698 F.3d 1063, 1065 (8th Cir. 2012) (citing 28 U.S.C. § 2254(d)(1)). A decision is contrary to federal law "if a state court has arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if it confronted facts that are materially indistinguishable from a relevant Supreme Court precedent but arrived at an opposite result." Davis v. Norris, 423 F.3d 868, 874 (8th Cir. 2005) (internal quotation marks omitted). A state court "unreasonably applies clearly established federal law when it identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. (internal quotation marks omitted).

Determining "whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." Harrington v. Richter, 562 U.S. 86, 98 (2011). If a "state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Id. The "question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Broom v. Denney, 659 F.3d 658, 661 (8th Cir. 2011) (internal quotation marks omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (internal quotation marks omitted).

-4-

Litschewski argues that the state court violated the double jeopardy clause's "protection against multiple punishments for the same offense" by rearranging his sentences in chronological order, crediting the 7.5 years he had already served on count one toward his sentence on count two, and ordering him to serve the sentence on count one again after serving the earlier in time sentence on count two. United States v. Abboud, 273 F.3d 763, 766 (8th Cir. 2001). Litschewski has not identified any Supreme Court precedent that squarely addresses whether the double jeopardy clause would bar a state court from rearranging the order in which a defendant must serve the counts that make up a consecutive sentence after the defendant has fully served one of those counts. He points out, however, that "the Constitution was designed as much to prevent the criminal from being twice punished for the same offence as from being twice tried for it," Ex parte Lange, 85 U.S. 163, 173 (1873), the double jeopardy clause exists to "protect the integrity of a final judgment," United States v. Scott, 437 U.S. 82, 92 (1978), and a defendant has an "expectation of finality" in a sentence after all appeals have concluded and his sentence has been served, see United States v. DiFrancesco, 449 U.S. 117, 136 (1980).[1]

Evaluating "whether a rule application was unreasonable requires considering the rule's specificity." Harrington, 562 U.S. at 101. The "more general the rule, the more leeway courts have in reaching outcomes in case by case determinations." Id. It "is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." Id. (internal citations omitted). The "high level of generality" used by Litschewski to describe the Supreme Court precedent that he claims was unreasonably applied by the state court, see Nevada v. Jackson, 133 S. Ct.

---

[1] Litschewski also asserts that because he only appealed his sentence on count two, the state trial court lacked authority to alter his sentence on count one. He has however failed to cite any additional Supreme Court authority on this point. See Renico v. Lett, 559 U.S. 766, 779 (2010); 28 U.S.C. § 2254(d)(1).

1990, 1994 (2013), indicates that "fairminded jurists could disagree on the correctness of the state court's decision," Harrington, 562 U.S. at 101.

Furthermore, in "the multiple punishments context," the double jeopardy clause "is limited to ensuring that the total punishment did not exceed that authorized by the legislature." Jones v. Thomas, 491 U.S. 376, 381 (1989). In Jones, the Supreme Court upheld a state court's alteration of a defendant's sentence after he was improperly sentenced to serve terms of imprisonment for both felony murder and the underlying felony of attempted robbery. Id. at 378, 387. After "it became apparent that two consecutive sentences had been imposed where state law permitted but one," the state "court vacated the attempted robbery conviction and sentence and credited the time that respondent had served under that conviction against the remaining sentence for felony murder," even though the defendant had already served his sentence for attempted robbery. Id. at 378, 382. The Supreme Court concluded that the altered sentence had not violated the "double jeopardy prohibition against multiple punishments" because the defendant was still serving a sentence that had been authorized by the legislature. Id. at 380–82, 382 n.2.

Litschewski does not dispute that the state court was permitted by statute to impose a 7.5 year sentence on count one, a 12.5 year sentence on count two, and a 7.5 year sentence on count three for a total term of 27.5 consecutive years imprisonment. A fairminded jurist could conclude that the state court's chronological rearrangement of the three sentences did not impose a "total punishment" exceeding "that authorized by the legislature," but rather corrected a clerical error by the sentencing court. See Jones, 491 U.S. at 381–82. The "Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner" and "neither the Double Jeopardy Clause nor any other constitutional provision exists to provide unjustified windfalls" to defendants. Id. at 387 (internal quotations omitted). Given that the state court here, as in Jones, credited Litschewski for time served and imposed terms of imprisonment that had been authorized by the legislature, we

-6-

conclude that Supreme Court precedent provides a "reasonable basis" for fairminded jurists to disagree on the correctness of the state court's chronological rearrangement of Litschewski's sentence. <u>Harrington</u>, 562 U.S. at 98, 101.

For these reasons we reverse the judgment of the district court and remand for entry of judgment denying Litschewski's amended petition under § 2254.

_____